UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| 1ST SOURCE BANK, an Indiana corporation, | Civil Case No. 3:13-CV-00418-KI |
| Plaintiff, | OPINION AND ORDER GRANTING PROVISIONAL PROCESS |
| v. | |
| VAC 139, LLC, a Delaware limited liability company, VENTURES ACQUISITION COMPANY LLC, a Delaware limited liability company; EVERGREEN HOLDINGS, INC., an Oregon corporation; EVERGREEN INTERNATIONAL AVIATION, INC., an Oregon corporation; DELFORD SMITH, an individual, | |
| Defendants. | |

Kathryn P. Salyer
Tomasi Salyer Baroway
121 SW Morrison Street, Suite 1850
Portland, OR 97204-3136

    Attorney for Plaintiff

David A. Bledsoe
Perkins Coie LLP
1120 NW Couch, Tenth Floor
Portland, OR 97209

Albert Hogan, III
James J. Mazza, Jr.
Shauna R. Prewitt
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Dr., Suite 2700
Chicago, Illinois 60606

    Attorneys for Defendants

KING, Judge:

Plaintiff (hereinafter, the "Bank") brings this action as a result of defendants' default on the terms and conditions of promissory notes, a security agreement, collateral schedules ("Loan Documents") and a forbearance agreement. The collateral[1] at issue in the present proceeding is a 2005 Agusta Helicopter, referred to in the relevant Loan Documents as N139EV.

Pending before the Court is the Bank's Supplemental Motion for Temporary Restraining Order and Order to Show Cause Regarding Injunctive Relief and Provisional Process dated December 5, 2013 [49], and the Memorandum supporting the Supplemental Motion [54] dated December 13, 2013. For the following reasons, I grant the relief the Bank seeks.

---

[1] The collateral also includes maintenance logs and records, located at the defendants' headquarters in Oregon. These items will also be subject to the forthcoming order.

**DISCUSSION**

The Bank seeks an order directing defendants to "assemble the Collateral and deliver it to the Bank at a place designated by Bank that is reasonably convenient to both parties" as permitted by the Loan Documents in the event of default.  Anderson Decl. Ex. 2, at 3, ECF No. 11-1.  The helicopter is currently located at ADA Aviation Services in Abu Dhabi, United Arab Emirates.  A forbearance agreement entered into between the parties on or about May 1, 2013 required defendants to return the helicopter to airworthy condition on or before October 1, 2013.  According to the Bank, and not disputed by defendants, the helicopter has not been restored to airworthy condition, constituting a default under the forbearance agreement and allowing the Bank to exercise its rights under the Loan Documents.

Defendants dispute that the Court has authority under either state or federal law to order the relief requested by the Bank–that defendants *deliver* the helicopter to a place designated by the Bank, as opposed to ordering a sheriff to seize the property.  I find, under either Federal Rule of Civil Procedure 64 or 65, the Court has authority to order the relief requested by the Bank.

I.    Federal Rule of Civil Procedure 64

Federal Rule of Civil Procedure 64 incorporates "every remedy . . . available" under state law, including arrest, attachment, garnishment, replevin, sequestration, and "*other corresponding and equivalent remedies*."  Fed. R. Civ. P. 64(a) and (b) (emphasis added).  Oregon Rules of Civil Procedure 83 and 85 set out the state's provisional process remedies.  Rule 85 allows the Bank to "claim the immediate delivery of [personal] property" and "may require" the sheriff to deliver the property to the Bank, but the rule does not require the involvement of a sheriff.  Or. R. Civ. P. 85 (A) and (B).  Similarly, Rule 83 requires the court to order "issuance of provisional

Page 3 - OPINION AND ORDER GRANTING PROVISIONAL PROCESS

process" when there "is probable cause for sustaining the validity of the underlying claim and if Rule 82 A [describing surety bond obligations] has been complied with," but does not require that this be done using a sheriff.  Or. R. Civ. P. 83(H).

My reading of the rules is supported by Aetna Business Credit, Inc. v. Davis, 291 Or. 369, 631 P.2d 337 (1981).  In that case, the Oregon Supreme Court reviewed the precursors to Rules 83 and 85, in conjunction with contractual language requiring the debtor to assemble and deliver collateral which mimicked a Uniform Commercial Code provision,[2] and found the trial court must order provisional relief in accordance with the security agreement or the UCC provision.  In that case, the provisional relief requested was that the debtors deliver property to plaintiff.  The guarantors in Aetna did not dispute the existence of default or the execution of the security agreement.  Here, too, defendants have not argued the absence of default, identified any reason to question the validity of the agreement, or argued they did not execute the relevant documents.  Accordingly, given the contractual language to which defendants agreed, the Court has no discretion and must order defendants to assemble and deliver the collateral to a place designated by the Bank that is reasonably convenient to both parties.

II.    Federal Rule of Civil Procedure 65

Even if state law did not provide the remedy the Bank seeks, the Court would grant it relief under Federal Rule of Civil Procedure 65.  To obtain a preliminary injunction under Federal Rule of Civil Procedure 65(b), the Bank must show (1) it is likely to succeed on the

---

[2] Aetna cited ORS 79.5030, now codified at ORS 79.0609(3), which provides, "If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties."

Page 4 - OPINION AND ORDER GRANTING PROVISIONAL PROCESS

merits, (2) it is likely to suffer irreparable harm, (3) the balance tips in its favor, and (4) an injunction is in the public interest.  Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).

Defendants do not offer any argument with respect to the Bank's likelihood of success on the merits.  I find, based on the evidence offered by the Bank, that the Bank is likely to succeed.  Public interest is simply not a factor where the order the Bank seeks would have no effect on non-parties.  See Bernard v. L.A. Cnty., 339 F.3d 920, 931 (9th Cir. 2003).  The only real factors at issue here are irreparable harm and the balance of the equities, which the Court finds the Bank has demonstrated.  Defendants previously cannibalized parts from the Bank's other aircraft collateral and used those parts to make other aircraft ready for sale to third parties.  The property, located in multiple jurisdictions, is now subject to third-party lien claims.  Defendants have failed to make the helicopter airworthy, despite repeated promises and delay of over seven months, and the Bank is concerned about further deterioration.  Finally, the Bank's concern about the defendants' financial circumstances is justified given the recent Notice of Automatic Stay and Suggestion of Bankruptcy filed on behalf of one of the defendants in this case.

Recognizing the rarity of a mandatory preliminary injunction, I have carefully reviewed the evidence and considered the parties' arguments.  See Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (facts and law must "clearly favor the moving party").  I find the bank is entitled to a mandatory preliminary injunction requiring defendants to assemble and deliver the helicopter to a place designated by the Bank that is reasonably convenient to both parties.

///



///

## CONCLUSION

For the foregoing reasons, I grant the Bank's request and will enter the order it seeks.

The Bank is instructed to submit a proposed form of order.

IT IS SO ORDERED.

DATED this   9th   day of January, 2014.

/s/ Garr M. King
Garr M. King
United States District Judge